IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| YOUSSEF FARHOUD,<br><br>            Plaintiff,<br>    v.<br><br>LOWE'S HOME CENTERS, LLC and JOHN DOE,<br><br>            Defendants. | Case No.: 3:23-cv-00622-AN<br><br><br>OPINION AND ORDER |

Plaintiff Youssef Farhoud brings this action against defendant Lowe's Home Centers, LLC ("Lowe's") and a John Doe defendant, alleging violation of Oregon Revised Statute ("ORS") § 659A.403 and an award of both compensatory and punitive damages. On January 8, 2024, Lowe's moved for summary judgment on plaintiff's punitive damages request. For the following reasons, Lowe's motion is DENIED.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party. *See Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party has the initial burden of informing the court of the basis for its motion and identifying the portions of the pleadings and the record that it believes demonstrate the absence of an

1

issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Id.* at 325. Instead, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. *Id.*; *see In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party sustains its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. *Celotex*, 477 U.S. at 324.

## BACKGROUND

On December 27, 2022, plaintiff visited a Lowe's retail store in Delta Park, Portland, Oregon. Def. Mot. For Summ. J. ("Def. Mot."), ECF [15], at 2. Plaintiff is Lebanese-American and, while attempting to complete his purchase, noticed that the cashier was trying to ignore him and began to treat him rudely. Pl. Resp. to Def. Mot., ECF [19], at 7. During the sale, there was a dispute over the sale price of an item and plaintiff asked that the cashier treat him less rudely, but the cashier ignored him. *Id.* After plaintiff exchanged the item to take advantage of a sale price, he asked the cashier if he trusted plaintiff. *Id.* The cashier responded with something to the effect of "I don't believe [a] wetback." *Id.* Plaintiff responded by cursing at the cashier. Def. Mot. 2-3. Another cashier heard plaintiff's cursing and threatened to call security. *Id.* at 3. Plaintiff immediately left the store without completing his purchase. *Id.* Plaintiff did not attempt to report the incident to a store manager. *Id.* Plaintiff did not call or email Lowe's about the incident. *Id.*

Lowe's has an anti-discrimination and anti-harassment policy, and Lowe's requires its employees to take comprehensive training about anti-discrimination. *Id.* Lowe's managers enforce both policies. *Id.*

On March 23, 2023, plaintiff filed the present action in Multnomah County Circuit Court, alleging that Lowe's violated ORS § 659A.403. Not. Of Removal, ECF [1], Ex. 1. Lowe's removed the action to this Court on April 28, 2023. *Id.* Plaintiff subsequently filed an Amended Complaint in which he

asserted the same claim, adding a request for an award of punitive damages against Lowe's. Am. Compl., ECF [6], ¶ 6.

## DISCUSSION

Defendant argues that punitive damages are not available because plaintiff has not created a triable issue of fact indicating defendant acted with malice, and because Article I, §§ 8, 10 prohibits awarding punitive damages in claims involving purely expressive conduct or speech.

**A.     Malice**

ORS § 659A.885(8)(a)-(b) states:

> "Any individual against whom any distinction, discrimination or restriction on account of race, color, religion, sex, sexual orientation, gender identity, national origin, marital status or age, if the individual is 18 years of age or older, has been made by any place of public accommodation, as defined in ORS 659A.400, by any employee or person acting on behalf of the place or by any person aiding or abetting the place or person in violation of ORS 659A.406 may bring an action against the operator or manager of the place, the employee or person acting on behalf of the place or the aider or abettor of the place or person. Notwithstanding subsection (1) of this section, in an action under this subsection:
> "(a) The court may award, in addition to the relief authorized under subsection (1) of this section, compensatory and punitive damages;
> "(b) The operator or manager of the place of public accommodation, the employee or person acting on behalf of the place, and any aider or abettor shall be jointly and severally liable for all damages awarded in the action[.]"

ORS § 659A.885 does not contain a standard for punitive damages, and, therefore, the standard set forth in ORS § 31.730 applies: punitive damages are available only if it "is proven by clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." "Malice" is defined as "a wrongful act done intentionally without just cause or excuse." *Friendship Auto Sales, Inc. v. Bank of Willamette Valley*, 300 Or. 522, 535, 716 P.2d 715 (1986). Unlike compensatory damages, the purpose of punitive damages is "to punish a willful, wanton or malicious wrongdoer and to deter that wrongdoer and others similarly situate from like conduct in the future." *State ex rel. Young v. Crookham*, 290 Or. 61, 65, 618 P.2d 1268 (1980).

Defendant's argument is twofold: (1) plaintiff cannot prove that Lowe's acted with malice

3

to support an award of punitive damages; and (2) an allegedly single violation of Lowe's anti-discrimination policy is insufficient to sustain a claim for punitive damages.

At the outset, it appears the parties dispute precisely who plaintiff must prove acted with malice. Defendant argues that because plaintiff seeks punitive damages only against Lowe's, plaintiff must prove that Lowe's acted with malice. Conversely, plaintiff argues that because the plain language of ORS § 659A.885 permits recovery against the company for conduct by the company's employees, and permits recovery of punitive damages, plaintiff need only prove that the employee acted with malice.

The parties provide no caselaw directly addressing this issue in the context of ORS § 659A.885(8), nor is the Court aware of any. Neither party disputes that, in theory, Lowe's could be vicariously liable for punitive damages awarded against the John Doe defendant, where the award would be calculated from the employee's ability to pay. The issue is whether Lowe's can be directly liable for punitive damages—that is, be responsible for an award calculated from Lowe's own ability to pay—for the conduct of its employee. On one hand, the statute permits an action brought solely against the owner for the conduct of its employee. Or. Rev. Stat. § 659A.885(8) (permitting actions against "the operator or manager of the place, the employee or person acting on behalf of the place *or* the aider or abettor of the place or person" (emphasis added)). On the other hand, the statute clearly contemplates a vicarious liability theory because those three are jointly and severally liable for any damages awarded. *Id.* § 659A.885(8)(b).

Under Oregon law, however, if an employee "commit[s] a tort within the scope of his employment so as to render the corporation liable for compensatory damages," and the employee's act also renders him liable for punitive damages, "then the corporation is likewise liable for punitive damages." *Stroud v. Denny's Restaurant, Inc.*, 271 Or. 430, 437, 532 P.2d 790 (1975). No fault on behalf of the employer is necessary for liability to lie, provided that the employee was acting within the scope of their employment. *See Johannesen v. Salem Hosp.*, 336 Or. 211, 219, 82 P.3d 129 (2003) ("[T]his court has considered and rejected [the] theory [that an employer cannot be vicariously liable for punitive damages absent evidence of fault on its part]."); *see also LRY, LLC v. Lake County*, No. 1:17-cv-00675-MC, 2021 WL 4993480, at *21 (D. Or. Oct. 27, 2021) (permitting punitive damages claim to proceed against employer

4

for actions of deceased employee under vicarious liability theory).  Given the statutory language and Oregon precedent, plaintiff may assert a claim for punitive damages directly against Lowe's for its employee's conduct.  To the extent defendant disputes the method of calculation, this need not be addressed at this stage.

The question remains whether plaintiff has created a triable issue of fact as to whether Lowe's employee acted with malice. Defendant argues that in *Dalbeck v. Bi-Mart Corp.*, 315 Or. App. 129, 500 P.3d 711 (2021), a facially discriminatory policy was insufficient to sustain a claim for punitive damages.  Thus, defendant contends that a single, alleged violation of Lowe's anti-discrimination policy should also be insufficient to sustain a claim for punitive damages.

However, plaintiff points to *King v. Greyhound Lines, Inc.*, 61 Or. App. 197, 656 P.2d 349 (1982), for the proposition that the racial slurs evidence malice, even if used in an isolated incident.  In that case, the plaintiff purchased a one-way bus ticket from the defendant bus company. *Id*. at 200.  The plaintiff sought to return the ticket for a refund by tendering it to the defendant's ticket agent. *Id*.  The ticket agent refused to issue an immediate cash refund and called the plaintiff a racial slur, along with other derogatory language.  *Id.* The plaintiff ultimately received a refund and brought suit under ORS § 30.670 (the former numbering of ORS § 659A.403) alleging that, "although he was not refused service, the manner in which he was served was discriminatory in that he suffered abuse and inferior service on account of his race." *Id.* at 201.  The trial court concluded that the plaintiff was not a victim of discrimination "within the meaning of the statute." *Id.* at 200.

The Oregon Court of Appeals reversed.  The court held that the statute encompassed "more than the outright denial of service," and that it "also proscribes serving customers of one race in a manner different from those of another race."  *Id.* at 202.  In reversing the trial court's judgment, the court also remanded the case "with instructions to enter judgment in favor of plaintiff in accordance with the trial court's determination of general and punitive damages." *Id.* at 203.

In defendant's view, this case is distinguishable because plaintiff did not experience a denial of service.  However, public accommodation discrimination encompasses more than refusal of

service because "the chief harm resulting from the practice of discrimination by establishments serving the general public is . . . the greater evil of unequal treatment, which is the injury to an individual's sense of self-worth and personal integrity." *Id.* Indeed, the plaintiff in *King* expressly acknowledged that he was not refused service. Defendant also argues that the plaintiff in *King* was called two separate slurs, whereas plaintiff in the present case was called a single slur that did not apply to plaintiff's protected classes. This argument is unavailing because the slur allegedly used by Lowe's employee was based on race, even if it was not accurate as to plaintiff's actual racial identity. Using a racial slur is the quintessential example of "a wrongful act done intentionally without just cause or excuse," even if it only allegedly occurred one time. *Friendship Auto*, 300 Or. at 535. Plaintiff has created a triable issue of fact as to whether defendant's employee acted with malice when he allegedly called plaintiff a racial slur.

**B.     Constitutional Challenge**

Defendant also argues that under Article I, §§ 8 and 10 of the Oregon Constitution and relevant caselaw, punitive damages may not be awarded against purely expressive conduct or speech. In defendant's view, plaintiff's claim rests solely on the racial slur and thus is derived from pure speech. Article I, § 8 states:

> "No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

Article I, § 10 states:

> "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

The Oregon Supreme Court has outlined a useful framework for determining the availability of punitive damages for intentional torts that relate to speech. First, the tort must be placed into one of three categories: (1) if the tort permits liability for the content of speech, punitive damages are not available; (2) if the tort permits liability for speech-caused harm, then a defendant who requests it is entitled to an instruction limiting the tortious predicate for punitive damages to conduct not protected by Article I, § 8; or (3) if the tort permits liability for harm not caused by speech, but the defendant contends that Article

I, § 8 prohibits an award of punitive damages for the particular conduct involved, then a limiting instruction may be requested. *Huffman & Wright Logging Co. v. Wade*, 317 Or. 445, 457, 857 P.2d 101 (1993).

*Wheeler v. Green* involved the first type of category. 286 Or. 99, 593 P.2d 777 (1979). In that case, the Oregon Supreme Court addressed the question of whether the Oregon Constitution permits a punitive damages award in relation to a defamation claim. *Id.* at 117-19. The court held that a "defendant who has abused the right of free expression by defamatory statements may be held responsible only to the extent of permitting the injured party to recover . . . compensatory damages." *Id.* at 118. The court noted that "[i]n the sensitive area of free expression, . . . the threat of large damage recoveries can easily inhibit the exercise of freedom of constitutionally protected expression, as well as its abuse." *Id.* at 119.

*Hall v. May Dept. Stores Co.* exemplifies the second category. 292 Or. 131, 637 P.2d 126 (1981). In that case, the Oregon Supreme Court addressed the availability of punitive damages for an intentional infliction of emotional distress claim. *Id.* at 144-45. In determining *Wheeler*'s applicability, the court found that "[w]hen the cause of defendant's liability is his 'abuse' of speech and expression, . . . the 'responsibility for the abuse' is confined to civil liability for compensation only." *Id.* 146. Although the court acknowledged that infliction of emotional distress could, in theory, be "committed by other means than expression or communication," it determined that punitive damages were not available because the only conduct underlying the plaintiff's claim was "speech and expression of opinion." *Id.* at 147.

Finally, *Huffman* discussed the third category. In that case, the Oregon Supreme Court addressed the availability of punitive damages in relation to a trespass claim. *Huffman*, 317 Or. at 456-57. The court acknowledged that this type of tort "permits liability for harm not caused by speech," and thus, "liability for both compensatory and punitive damages rests on conduct." *Id.* at 457. Nevertheless, the court emphasized that a defendant may assert "that punitive damages cannot constitutionally be applied to the particular conduct involved." *Id.*

Defendant appears to argue that this case falls into the first category, asserting that the allegedly tortious conduct was the employee's speech itself. However, the first category relates to "laws that are written in terms directed to the substance of an opinion or subject of communication." *Id.* at 453.

Thus, defamation cases fall into the first category because speech or expressive conduct is an element of the tort. Conversely, as plaintiff points out, ORS § 659A.403 "is not directed at the regulation of speech or its substance." *Lloyd Lions Club of Portland v. Int'l Ass'n of Lions Clubs*, 81 Or. App. 151, 159, 724 P.2d 887 (1986). Nor is the allegedly tortious conduct here the speech itself—rather, the tortious conduct was the alleged denial of full and equal accommodations. Put another way, speech, standing alone, does not constitute public accommodation discrimination, because it is the *effect* of that speech, denying full and equal accommodations, that violates ORS § 659A.403. *See King*, 61 Or. App. at 201 (noting that use of racial slurs does not, in and of itself, violate ORS § 659A.403, but it may violate the statute when used by employee of public accommodation to discriminate against an individual); *Blachana, LLC v. Or. Bureau of Labor & Indus.*, 273 Or. App. 806, 818, 359 P.3d 574 (2015) (finding that Article I, § 8 of Oregon Constitution does not protect speech that has effect of denying full and equal accommodations).

Because claims under ORS § 659A.403 focus on the effect of speech, rather than the speech itself, plaintiff's claim does not fall into the first category. As such, defendant may be eligible for a limiting instruction on the issue of punitive damages; however, it is not entitled to summary judgment.

## CONCLUSION

Accordingly, defendant Lowe's Home Centers, LLC's Motion for Summary Judgment, ECF [15], is DENIED.

IT IS SO ORDERED.

DATED this 19th day of August, 2024.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge

8